```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
LARRY JACOBSON, as Chairman of the Joint Industry
Board of the Electrical Industry,
                                                                                REPORT &
                                        Plaintiff,                              RECOMMENDATION
                                                                                05-CV-04812 (FB)(SMG)
                -against-

DECORA ELECTRIC, CO., INC., IRVING GELLMAN,
and LINDA GELLMAN,

                                        Defendants.
----------------------------------------------------------------------------X
GOLD, S., U.S.M.J.:
```

## Introduction

Plaintiff, Larry Jacobson, Chairman of the Joint Board, the administrator and fiduciary of employee benefit plans established pursuant to a collective bargaining agreement between Union Number 3 of the International Brotherhood of Electrical Workers, AFL-CIO and the defendant, brings this action against corporate defendant, Decora Electric Co., Inc. ("Decora"), and individual defendants, Irwin and Linda Gellman, principals of Decora. Plaintiff's claims are brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185 *et seq.* Plaintiff alleges in his complaint that defendants failed to remit contributions to certain benefit funds required pursuant to its Collective Bargaining Agreement ("CBA").

The complaint in this action was filed on October 12, 2005, and defendant was served on November 14, 2005. Docket Entries 1-2. However, defendant failed to appear, and the Clerk of the Court noted the default of defendant pursuant to FED. R. CIV. P. 55(a) on January 12, 2006. Docket Entry 7. Because of pending bankruptcy proceedings, Senior United States District Judge Block administratively closed the case as to the individual defendants, the Gellmans, by order

dated December 14, 2005.[1]  Docket Entry 5.  Plaintiff subsequently pursued his claim against the corporate defendant only.  *See* Docket Entry 6.  After issuing a memorandum and order determining liability as to the corporate defendant, Judge Block referred this case to me for report and recommendation on the issue of damages.  Docket Entries 8, 9.

In support of his application for a default judgment and in his additional submissions on damages, plaintiff has submitted the declaration and supplemental declaration of his counsel, Zachary Leeds ("Leeds Decl." and "Supp. Leeds Decl."), with supporting exhibits.  Docket Entries 11, 6.  Based on these submissions, I make my recommendation on damages as to the corporate defendant only, as set forth below.

## Facts

The following facts are set forth in the plaintiff's complaint and other supporting documentation.  The plaintiff is the chairman of the Joint Board, which administers and acts as fiduciary for several different employee benefit plans.  Compl. ¶¶ 4-5.  The Joint Board is responsible for collecting contributions made by the defendant company to the plans, assessments payable to the Union by certain employees who have authorized a wage-deduction for loan repayments due to the Union and one or more of the plans, and contributions payable directly to the Joint Board to fund its operations.  *Id.* ¶¶ 6-7.  The amounts due to the Joint Board under the plans are established by the CBA based on "certain percentages of a[n]...employer's weekly standard gross wages or a fixed dollar amount based on the number of hours worked by covered employees."  Compl. ¶¶ 13-14; Supp. Leeds Decl. ¶ 16.  The employer is required by the CBA to submit weekly payroll reports to the Joint Board and remit the amounts due to each of the plans.

---

[1] Judge Block's order stated that the proceeding could be reopened against the Gellmans upon application of any party if the bankruptcy proceedings are "terminated without disposing of the claims asserted therein."  Plaintiff has not moved to reopen its case against the Gellmans.

Compl. ¶ 14; Supp. Leeds Decl. ¶ 17.

Pursuant to a 401(k) Plan, also administered by the Joint Board, Decora was required to make Salary Deferral Contributions and Employer Contributions. Compl. ¶ 7; Supp. Leeds Decl. ¶ 19. Salary Deferral Contributions are comprised of a percentage of an employee's weekly wages that the employee has elected to have withheld and invested in a 401(k) account. Employer Contributions are made by the employer, without regard to the election of the employee, to the 401(k) accounts of all eligible employees each week. Supp. Leeds Decl. ¶ 19.

Decora failed to make its contributions under the CBA for the weeks ending May 4, 2005 through May 25, 2005 and June 8, 2005 through June 25, 2005. Compl. ¶ 20. Thereafter, the parties entered into a Stipulation and Forbearance Agreement ("Stipulation Agreement" or "Stipulation"), in which the defendants acknowledged that they owed $100,018.13 to the Joint Board. Supp. Leeds Decl. ¶ 24. The Stipulation Agreement required defendants to make weekly payments of $5,000 until the balance due was paid in full. Compl. ¶ 21; Supp. Leeds Decl. ¶ 25. Defendants defaulted on this obligation and were informed by letter dated September 22, 2005 that they owed $45,018.13 under the Stipulation. Compl. ¶¶ 31-34. In its application for damages, plaintiff also claims that the defendant company failed to remit required contributions totaling $155,392.97 for the weeks ending August 10, 2005 through October 12, 2005. Supp. Leeds Decl. ¶ 37. Next, plaintiff claims that Decora failed to make required 401k plan contributions totaling $39,220. 63 for weeks ending August 17, 2005 through October 12, 2005. *Id.* ¶ 44. Plaintiff also asserts that the defendant is in arrears for 401(k) contributions in the amount of $3,466.71 as to one, unidentified employee for the weeks ending January 12, 2005 through October 5, 2005, and owes interest totaling $544.87 on late-paid contributions for weeks ending May 4, 2005 through August 10, 2005. *Id.* ¶¶ 49-50.

In addition to unpaid contributions under the Stipulation and thereafter, the plaintiff seeks interest on unpaid and late-paid contributions, an additional statutory award equal to the interest on unpaid and late-paid contributions, and attorneys' fees and costs.

## Discussion

A.  *Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). Judge Block has already determined liability in this matter in his Memorandum and Order dated May 24, 2006.[2] Docket Entry 10.

B.  *Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id.* Thus, a court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40.

---

[2]Judge Block did not find liability, and the plaintiff did not seek it in its submission in support of default judgment, under the LMRA. *See* Leeds Decl. ¶ 7.

4

As discussed below, plaintiff seeks unpaid contributions, interest, an additional statutory award of interest on unpaid and late-paid contributions, and attorneys' fees and costs, and has submitted affidavits and documents in support of his application. Defendant has not submitted any opposition to plaintiff's submissions. Accordingly, a hearing on the issue of damages is not warranted.

The damages recoverable for a violation of Section 1145 are enumerated in Section 1132(g)(2), which provides as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
>     (A) the unpaid contributions,
>     (B) interest on the unpaid contributions,
>     © an amount equal to the greater of–
>         (I) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>     (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

*Unpaid Contributions*

Pursuant to 29 U.S.C. § 1132(g)(2)(A) and the terms of the Stipulation Agreement, plaintiff seeks the unpaid balance of $45,018.13 under the Stipulation. Supp. Leeds Decl. ¶ 34. In support of this award, plaintiff has submitted the Stipulation itself, *id.*, Ex. C, and a record of payments made and those that remain due under the Stipulation. *Id.*, Exs. E, J. This documentation supports an award of the balance due under the stipulation in the amount of $45,018.13.

Plaintiff also seeks unpaid required contributions under the CBA and trust agreements in the amount of $155,392.97. This amount covers unpaid contributions for the weeks ending August 10, 2005 to October 12, 2005. Supp. Leeds Decl. ¶ 37. Plaintiff has submitted documentation in support of this award in the form of a record of payroll reports submitted to the Joint Board by the defendant company as required under the CBA. Supp. Leeds Decl., Ex. F. Each report appears to list the number of hours worked and the amounts due to each of the various plans for each of the weeks in issue. *Id.* These reports cover only weeks ending August 10, 2005 to October 5, 2005. For the final week, plaintiff has extrapolated from data relating to the previous week, because the company did not submit the weekly payroll report required under the CBA. Plaintiff then multiplied this amount, $13,623.45, by 2/5 because Decora ceased operations on October 7, 2005, and thus only two days were worked during the week ending October 12, 2005. Supp. Leeds Decl. ¶¶ 41-43. This type of extrapolation is permissible under the case law. *See Perishable Food Industry Pension Fund v. American Banana Co., Inc.*, 2003 WL 21542316, *3-4 (S.D.N.Y. July 1, 2003). Plaintiff's arithmetical calculations appear to be correct based on the documentation he has submitted. I therefore recommend that plaintiff be awarded the full amount of $155,392.97 for unpaid contributions for the weeks ending August 10, 2005 through October 12, 2005.

In addition to these amounts, plaintiff seeks to recover unpaid contributions totaling $39,220.63 due under the 401(k) plan for weeks ending August 17, 2005 through October 12, 2005. Supp. Leeds Decl. ¶ 44. In support of this demand, plaintiff has submitted a statement detailing the amounts due and owing under the 401(k) plan for the specific time period. *Id.*, Exs. G, J. Again, in the absence of the required weekly payroll report, plaintiff has extrapolated data for the last week from the last received report. *Id*. ¶¶ 47-48. The amounts calculated by plaintiff

are based on reports provided by Putnam Investments, the third-party record-keeper and manager of the 401(k) Plan. *Id.* ¶¶ 19, 44. In light of the documentation plaintiff has provided, I respectfully recommend that plaintiff receive the full amount of $39,220.63 for unpaid 401(k) contributions.

Plaintiff requests an amount for 401(k) contributions owed to a specific unidentified employee in the amount of $3,466.71 for weeks ending January 12, 2005 through October 5, 2005. *Id.* ¶ 49. Plaintiff has submitted a weekly accounting of the amounts owed, *id.,* Ex. I, and a summary record of the amounts due and owing, *id.,* Ex. J., for that time period. In light of the documentation provided and defendants' failure to appear or otherwise defend the action, I respectfully recommend awarding plaintiff this amount.

Plaintiff also requests $544.87 in interest accrued on late 401(k) payments from May 4, 2005 to August 10, 2005. *Id.* ¶ 50. Plaintiff has provided a record of the payments and accrual of interest for this delinquency that was attached to a demand letter sent to the company on October 24, 2005. *Id.*, Ex. I. Accordingly, I recommend that plaintiff be awarded this amount as well.

*Interest on Unpaid Contributions*

Pursuant to 29 U.S.C. § 1132(g)(2)(B), plaintiff seeks interest on the remaining balance due under the Stipulation, the unpaid contributions for the period from August to October 2005, and the unpaid 401(k) plan contributions. For ERISA violations, interest is calculated "using the rate provided for under the plan, or, if none, the rate prescribed under Section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Plaintiff seeks interest at the rate prescribed under 26 U.S.C. § 6621. Supp. Leeds. Decl. ¶ 57. *See* Rev. Rule 2007-16, *at* www.irs.gov/pub/irs-drop/rr-07-16.pdf

(providing a table with the most current figures).[3]

Plaintiff first seeks interest on the unpaid balance due under the Stipulation. According to the Stipulation, plaintiff is entitled to collect interest until the balance is paid in full. Stip. Agr. ¶ 1, Supp. Leeds Decl., Ex. C. Plaintiff seeks $840.80 in interest due and owing on contributions from May 4, 2005 up to the date of the signing of the Stipulation on July 12, 2005 at a rate of 7%. Supp. Leeds Decl., Ex. J. In addition, Plaintiff seeks interest accrued through January 9, 2006[4] at 7% in the amount of $1,952. *Id.* Finally, plaintiff seeks interest at a rate of $8.63 per diem on the balance due under the Stipulation ((45,018.13 x 7%)/365) for 150 days until June 9, 2006 in the amount of $1,294.50. *Id.* ¶ 58. The interest calculations are supported by documentation, *id.*, Ex. J., and appear to be accurate. I therefore recommend awarding plaintiff the full amount of interest sought under the Stipulation, totaling $4,087.30 ($1,952 + $1,294.50 + $840.80) as of June 9, 2006. *Id.* ¶ 60.

Plaintiff next seeks to collect interest due and owing for the unpaid contributions – referred to in the documentation as JIB benefits – for the weeks ending August 10, 2005 through October 12, 2005. Plaintiff's documentation indicates that interest in the amount of $3,564.74 had accrued by January 9, 2006. *Id.* ¶ 61, Ex. J. Plaintiff calculates that interest on a per diem basis of $29.80 (($155,392.97 x 7%)/365 day year = $29.80) from January 9, 2006 through June 9, 2006, for an additional amount of $4,470, or a total of $8,034.74. *Id.* ¶ 61. Given that plaintiff appears to have calculated correctly and has provided adequate supporting documentation, I recommend that

---

[3]The web address cited in the text provides a number of tables with different interest rates applicable to particular circumstances. The table providing rates for "large corporate underpayments" seems to be the most applicable.

[4]January 9, 2006 is the date that the statement from the Joint Board in Exhibit J was produced. Supp. Leeds Decl., Ex. J.

plaintiff be awarded $8,034.74 in interest as of June 9, 2006 on the required contributions.

Finally, plaintiff also seeks interest on the 401(k) Plan contributions and individual contributions for an unidentified employee. Plaintiff has calculated the interest on the Plan contributions at $758.84 as of January 9, 2006 and on a per diem basis of $7.52 ((39,220.63 x 7%)/365 = 7.52) from January 9 through June 9, 2006, totaling $1,886.84. *Id.* ¶ 62, Ex. J. Plaintiff's calculations appear to be correct and are supported by documentation. With regard to the unidentified employee, the plaintiff has calculated the interest due to be $235.42. The calculation is based on $136.42 owed as of January 9, 2006 and a per diem rate of $0.66 ((3,466.71 x 7%)/365 = .66) from January 9, 2006 through June 9, 2006. *Id.* ¶ 63, Ex. J. Again, plaintiff has submitted documentation, and the calculations appear correct. Therefore, plaintiff is entitled to interest as of June 9, 2006 in the amount of $235.42.

The total award of interest is $14,244.30. The final award should also include interest calculated at the per diem rates indicated above, from June 9, 2006 to the date that the judgment is entered.

*Additional Statutory Award*

Pursuant to 29 U.S.C. § 1132(g)(2)(C)(I), plaintiff seeks an additional statutory award equivalent to the interest accrued on all of the unpaid contributions. Plaintiff is entitled to an award of statutory damages in an amount equal to the interest calculated above, or $14,244.30, plus the additional interest that will accrue between June 9, 2006 and the date judgment is entered.

*Attorneys' Fees*

Plaintiff is also entitled to recover reasonable costs and attorney's fees. Upon a finding that a defendant has been delinquent in paying contributions, liability for attorney's fees under Section 1132(g)(2) is mandatory. *See Iron Workers Dist. Council of Western New York & Vicinity*

*Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995). All claims for attorney's fees in the Second Circuit must comply with *New York State Ass'n for Retarded Children, Inc. v. Carey*, which requires an attorney's declaration supported by contemporaneous time records for all claims for attorney's fees. 711 F.2d 1136, 1148 (2d Cir. 1983); *Plumbers Local No. 371*, 1996 WL 445065 at *5 (acknowledging that attorney's fees are mandatory under Section 1132(g)(2), but denying attorney's fees where plaintiff failed to comply with the requirements of *Carey*).

Plaintiff has submitted the declaration of his attorney, supported by time sheets and records of disbursements. Supp. Leeds Decl., Ex. K. Plaintiff seeks reimbursement for 17.4 hours of legal work at rates of $200 for associates and $225 for partners.[5] Plaintiff also seeks to recover 26.6 hours of paralegal work at a rate of $75 per hour. *See id.*, Ex. K. The total amount of attorney and paralegal fees demanded is $6007.50. *Id.* ¶ 69. In light of the documentation plaintiff has provided, the hourly rates and time expended appear reasonable, and should be approved. Additionally, plaintiff seeks costs in the amount of $250 for filing fees and $180 for service fees. *See id.*, Ex. K. These amounts also appear reasonable, and I thus recommend that they be awarded as well. Finally, plaintiff requests an additional $280 in charges for photocopying, fax transmissions, secretarial overtime, and local ground transportation. *Id.* These expenses do not appear to be ordinary overhead and are charged to the client on the statements provided. Therefore, I recommend that they also be awarded. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir.1998) (holding that expenses such as "duplicating, postage, telephone, computerized legal research and other office expenses," are ordinarily recoverable and not

---

[5]The attorneys' fees sought are summarized in the Supplemental Leeds Declaration, ¶ 69. An error appears there, in that 2.0 hours of time are attributed to David R. Hock, whereas the records attached as Exhibit K reflect that Hock worked more than 2.0 hours on the case.

absorbed into an attorney's fee as overhead). I recommend that plaintiff be awarded $6007.50 in attorneys' and paralegals' fees and $710 in other fees and costs.

## Conclusion

For the reasons stated above, I respectfully recommend that this Court enter judgment against defendant Decora and in favor of plaintiff for the balance due under the Stipulation Agreement in the sum of $45,018.13; unpaid plan contributions, excluding the 401(k) Plan, in the sum of $155,392.97; unpaid 401(k) Plan contributions in the sum of $39,220.63; and unpaid 401(k) contributions for an unidentified individual employee in the sum of $3,466.71. In addition, I recommend that plaintiff be awarded interest on these amounts in the sum of $14,244.30, plus additional interest accruing at the same per diem rates noted in this Report from June 9, 2006 until the date of judgment; an additional statutory award of interest in the sum of $14,244.30 plus the interested accrued to the date of judgment; and attorneys' fees and costs in the amount of $6,717.50.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Frederic Block, within ten days of receiving this Report and Recommendation and, in any event, on or before June 19, 2007. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendant Decora at its last known address, and to file proof of service with the Clerk of the Court.

                                                      _____
                                                      **Steven M. Gold**
                                                      **United States Magistrate Judge**

**Brooklyn, New York**
**June 5, 2007**

*U:\JB 2006-2007\JacobsonvDecoraElectric 060507.wpd*