UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LARRY JACOBSON, as Chairman of the Joint
Industry Board of the Electrical Industry,

          Plaintiff,

-against-

          **MEMORANDUM AND ORDER**

DECORA ELECTRIC CO., INC., IRVING    No. 05-CV-4812 (FB) (SMG)
GELLMAN, and LINDA GELLMAN,

          Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
ZACHARY N. LEEDS, ESQ.
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036

**BLOCK, Senior District Judge:**

        On June 5, 2007, Magistrate Judge Gold issued a Report and Recommendation ("R&R") recommending that a default judgment be entered in favor of plaintiff, Larry Jacobson ("Jacobson"), and against defendant, Decora Electric Co., Inc. ("Decora"), in the following amounts:

    (a)    $200,411.10 for unpaid plan contributions;

    (b)    $42,687.34 for unpaid 401(k) Plan contributions;

    (c)    $544.87 for interest on late-paid 401(k) plan contributions;[1]

    (d)    $14,244.30 in interest on the unpaid contributions through June 9, 2006, plus a per diem amount, equaling $46.61, through the date of

---

[1] Although the R&R does not list this amount in the conclusion section, *see* R&R at 11, it recommends that this amount be awarded in the body of the Report, *see* R&R at 7.

judgment;

(e) $14,244.30 in an additional statutory award equal to the interest, *see* 29 U.S.C. § 1132(g)(2)(C)(I) (providing for statutory damages in the amount equal to the interest accrued on all unpaid contributions); and

(f) $6,717.50 in attorneys fees and costs.

*See* Docket Entry # 13 (R&R).

The R&R recited that "[a]ny objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Frederic Block within ten days of receiving this Report and Recommendation and, in any event, on or before June 19, 2007," R&R at 11, and that "[f]ailure to file timely objections may waive the right to appeal the District Court's Order." *Id.* Jacobson served a copy of the R&R on Decora at its last known address on June 6, 2007. *See* Docket Entry #14 (Certificate of Service). *See* Fed. RR. Civ. P. 6(a), 6(e). To date, no objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, the Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

Here, the Court adopts the R&R with one modification: The Court awards

$6,665.55 in attorneys' fees and costs – not $6,717.50. Although the R&R recommends an award of $280 in costs, *see* R&R at 10, Jacobson sought only $228.05 in costs, *see* Docket Entry # 11 (Supplemental Affidavit), at 15, which is reflected in the new amount. Therefore, the Clerk is directed to enter judgment in the amount in accordance with the magistrate judge's R&R, except with respect to the award of attorneys' fees and costs, which should be in the amount of $6,665.55.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 11, 2007